[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 16, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-12369
Non-Argument Calendar

_____

D. C. Docket No. 04-20993-CV-JEM

PROGRESSIVE EXPRESS INSURANCE COMPANY,

Plaintiff-Counter-Defendant-Appellee,

versus

MOSHE WEITZ,

Defendant-Counter-Claimant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 16, 2007)**

Before ANDERSON, BARKETT and HILL, Circuit Judges.

PER CURIAM:

The underlying action was filed by Progressive Express Ins. Co. ("Progressive") for a declaration as to the extent of its liability under its policy of insurance issued to Moshe Weitz for loss of the insured's boat. After resolution of the matter, Progressive took no issue with the appraisal, tendering payment. Weitz now demands attorneys' fees and costs, asserting that he is entitled to recover these fees and costs, under Florida Statute § 627.428 because he "prevailed" in obtaining the proceeds of his insurance policy. The district court denied recovery, holding that Weitz did not prevail as contemplated by the statute. We agree.

Weitz did not prevail in this lawsuit. He had entered into a contract with Progressive under which he agreed to resolve all claims of loss by appraisal of the boat and its damage. This provision for resolution of all claims was both valid and binding, as his pleadings admit. From the beginning of this matter, and certainly from the inception of this lawsuit, Progressive sought only to enforce this provision. Progressive filed this action for declaratory relief only after what the district court characterized as Weitz's "repeated delays, sidestepping and misdirection." Weitz's protestations to the contrary, that he was always ready to settle this claim before a neutral umpire, are not supported by the record. The record is quite clear that Progressive was at all times ready to pay the appraised

2

value of the boat, but Weitz refused to participate in the process in a timely fashion.

Under these circumstances, it cannot be said that Weitz "prevailed" in this action to recover the appraised value of his lost boat. The statute is clear that the recovery of attorneys' fees and costs from an insurer is justified "only when the insurer has wrongfully withheld payment of the proceeds of the policy." *Fireman's Fund Ins. Co. v. Tropical Shipping & Constr. Co.*, 254 F.3d 987, 1010 (11th Cir. 2001). Since Progressive stood ready to arbitrate and pay the arbitration award, did not wrongfully withhold payment of the proceeds of the policy, we agree with the district court that the statute does not apply. Accordingly, the judgment of the district court is

AFFIRMED.